IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS

United States Courts
Southern District of Texas
FILED
DEC 10 2018
David J. Bradley
Clerk of Court

**PELLETIER MANANGEMENT**  
**AND CONSULTING LLC**

CASE NO:

**Plaintiff,**

v.

**WEYERHAEUSER COMPANY**  
**TRI-STATE TRUSSES, INC. and/or**  
**TRI-STATE TRUSSES LLC**  
**RONNIE HICKMAN**  
**APA-THE ENGINEERED WOOD ASSOCIATION**

JURY DEMAND

**Defendants.**

_____/

**COMES NOW, Plaintiff** Pelletier Management and Consulting LLC, "PMC" a Colorado Limited Liability Company and files its Complaint, complaining of Weyerhaeuser Company et al, and would respectfully show the Court as follows:

### JURISDICTION, VENUE AND BACKGROUND FACTS

**Jurisdiction:**

1. Federal diversity jurisdiction in this Court is proper under 28 U.S.C. Section 1332 because PMC is a citizen of Colorado, a different state than all Defendants and the aggregate amount in controversy exceeds $75,000.00 exclusive of interest and costs. This Court has personal jurisdiction over all Defendants who meet the jurisdiction requirements under the minimum systematic interaction contacts requirements by Defendants. Additionally, this Court has "In Rem" jurisdiction as it concerns the real estate property situated in DeWitt County, Cuero, Texas and alleged damages thereto situated in this Court's jurisdiction.

**Venue:**

2. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because a substantial part of the events that gave rise to Plaintiff's claims occurred in this Judicial District.

**Background and Facts:**

3. PMC is owner and Lessor of land in Cuero, Texas. Gaetan Pelletier, "Pelletier" is Lessee who leased the land from PMC under a Land Lease Agreement, "the Lease" upon which Pelletier has been building his hotel and restaurant.

4. The project is known as the TexInn, a new hotel being built consisting of 172 rooms, a restaurant along with all the usual up-scale amenities. PMC owns the land and Pelletier owns the hotel and ancillary improvements attached to the land by virtue of the Lease dated July 11, 2013. A Memorandum of the Lease was filed in Dewitt County, Texas.

5. Pelletier sought out to purchase materials for the construction of his hotel with Ronnie Hickman, owner of Tri-State Trusses LLC who represented a Weyerhaeuser wood flooring sheet product referred to as "Edge Gold" which is advertised by Weyerhaeuser with a Limited 50-year structural & 200-day no sand warranty. The warranty advertisement was found both on the Weyerhaeuser's web site and on APA-The Engineered Wood Association's "APA" web site. Further, Mr. Hickman personally represented that he tested the Edge Gold product by submerging it under water for over one year with positive results. Based on all information provided, Pelletier agreed to purchase the Edge Gold at a premium cost. The represented water-resistant Edge Gold sheeting product was built-up to be a premium water-resistant superior flooring that would meet the wet challenges during the construction time open to weather.

6. The product did not hold up. Pelletier invited both Mr. Hickman and Weyerhaeuser's representatives to inspect damages to his flooring as a consequence of the Edge Gold not withstanding the moisture during construction. Weyerhaeuser admitted, that in part, the product had not met its warranty. Weyerhaeuser then offered a settlement of $7,500 that was unacceptable by Pelletier. It was confirmed by the City of Cuero building inspectors that the product was damaged and required replacement in most places with further suggestion to replace flooring for the entire building. Pelletier has replaced the majority of the flooring at his cost.

7. After extensive attempts to resolved the damage issues without success, Pelletier filed his law suit in the U.S. District Court, Southern Division of Texas. Pelletier's law suit was dismissed on the procedural issue for lack of standing. Defendants argued that the improvements were owned by PMC and that Pelletier, by virtue of his lease, did not have standing to sue. Pelletier disagreed with Defendants and the Court and Pelletier appealed that decision which is presently with the U.S. Appeals' Court for the Fifth Circuit. Notwithstanding damages to the building, PMC has consequential damages that delayed lease payments as a result of the breach of contract and breach of warranty.

8. In addition to the above damages, Mr. Hickman agreed to sell all building products that were a direct-ship to the building site, at 5% above his cost and actually charged more.

## CAUSES OF ACTION

9. Pelletier and PMC believe that PMC is the owner of the land upon which the the hotel is located and that Pelletier owns the improvements thereto. Weyerhaeuser, et al, have taken the position that the improvements (the structure and the hotel, itself) is owned by PMC and

the Court has agreed, dismissing Pelletier's complaint. While Pelletier and PMC do not agree with Weyerhaeuser et al, and the Court, PMC would show that based on the reasoning of Weyerhaeuser et al and the Court, the claim set forth belong to PMC.

### **COUNT 1-BREACH OF WARRANTY AND CONTRACT**
(All Defendants)

10. Plaintiff reasserts and incorporates by reference, the foregoing paragraphs as though repeated fully herein.

11. Weyerhaeuser has a Technical Bulletin which advertises to the public, an Edge Gold warranty, titled "Limited 50-year Structural & 200-Day No Sand Warranty", Weyerhaeuser Edge Gold OSB Single-Layer Flooring. The product is warrantied "against delamination for a period of fifty (50) years from the date of the original purchase . . . " "Weyerhaeuser Gold panels are warranted for two hundred (200) days following delivery of the panels to the job site against the need to edge sanding due to edge swell caused by water absorption. This limited warranty is transferrable and applies to any current owner to which the Weyerhaeuser Edge Gold panels are installed." " Delamination is defined as an extensive separation within a panel, which results in a reduction of the structural capacity of the panel." "For delamination covered by this warranty, Weyerhaeuser will pay for the repair or replacement . . ." For the edge sanding covered by this warranty, Weyerhaeuser will pay for the reasonable cost of sanding the affected area only, not to exceed reasonable labor and tool time costs."

12. It remains undisputed that Weyerhaeuser admitted to some of the product defects and it is further undisputed that the City of Cuero Building Inspectors have verified the wood product defects and the need for its replacement.

13. Mr. Hickman guaranteed Pelletier that he would only charge 5% above his cost on building materials, however, charged far more than the agreed terms.

14. PMC seeks recovery of all damages, attorney's fees and costs associated with Weyerhaeuser's breach of the warranty and Mr. Hickman's breach on pricing.

## COUNT 2 – NEGLIGENCE
(All Defendants)

15. Plaintiff reasserts and incorporates by reference, the foregoing paragraphs as though repeated fully herein.

16. Defendants owed PMC and/or Pelletier a duty of care to testing the OSB product and provide a warranty that fully represented the product as a moisture resistant flooring. Further, in the event the product did not meet the representation, Weyerhaeuser owed a duty per the terms of its warranty. Defendants breached that duty by failing to replace product and cost as a reasonable prudent manufacturer and its representatives in the same or similar circumstances would have done.

17. The negligent acts of Defendants included but are not limited to the following:

   (A) Failing and neglecting to perform adequate testing prior to openly offering warranties on a product that was conversely proven not capable of sustaining expected rain moisture as represented. Defendants neglected to provide an adequate remedy to PMC and Pelletier, the consumer, upon the breach of its contractual warranty and representations for the product break-down by moisture or meet its representations per U.C.C. 2-314(2)(c).

   (B) Falsely representing that the product submerged under water for one year had successfully maintained structural integrity.

   (C) Failing to provide scientific and monitored testing prior to establishing warranty language on the Limited Warranty.

   (D) APA assisted in Weyerhaeuser's marketing by providing add space on its web site for Weyerhaeuser to advertise its OSB product, absent of any disclosure that

    it was or was not supportive of the OSB product. Further, APA has several Weyerhaeuser employees as directors on its staff that gives the appearance of agreeing with Weyerhaeuser's product performance and its marketability.

(E) Defendant Hickman and his company failed to perform further application to the OSB product once he removed it from being under water for one year to determine the OSB product's integrity with normal building expected use prior to representing to Pelletier that the OSB product was moisture resistant and capable to sustain rain and adverse weather for one year.

(F) The language of the warranty, "Prolonged exposure to water before, during or after completion of construction" is purposefully designed to mislead and to provide an escape for warranty obligations when making language subjective and ambiguous in defining what is meant by the word "prolonged".

(G) Hickman purposefully misrepresented that he would charge 5% above his cost in order to entice Pelletier to purchase from him, however, he charges more.

18. Defendants were negligent by omission and/or affirmative negligent conduct in the representation of the OSB flooring product as a moisture resistant product, using language such as "prolonged" moisture exposure, misleading Pelletier as a consumer and Hickman representing that the Edge Gold could tolerate a year under water and maintain its structural integrity.

19. Defendant Hickman was negligent in representing other material costs.

20. Defendants' breaches of the duty, proximately caused PMC and/or Pelletier extensive and costly damages and set the completion of the hotel back for an extended time.

## COUNT 3- GROSS NEGLIGENCE
(All Defendants)

21. Plaintiff reasserts and incorporates by reference the foregoing paragraphs as though repeated fully herein.

22. Defendants acts and omissions, when viewed objectively from their standpoint at the time they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others.

23. Defendants had actual, subjective awareness of the risk but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

24. Defendants' knowing and negligent failure to properly test the OSB flooring product for its moisture resistant prior to the representations of the limited warranty, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others who relied upon the product representations and to PMC/Pelletier's hotel/restaurant and health, safety, and welfare of guests and visitors to the hotel. Defendants had actual, subjective awareness of those risks but proceeded with conscious indifference to the rights of PMC and/or Pelletier along with others in failing to properly test the OSB product but instead and in the interest of higher profits, falsely represented and advertised the OSB flooring as an non-scientifically tested moisture resistant panel product, therefore misleading its end user and selling it at a higher price.

Mr. Hickman knew and abused his credibility by selling building material to Plaintiff at more than the agreed 5% markup.

Defendants gross negligent acts and/or omission proximately caused PMC and/or Pelletier significant damages and costs as addressed herein.

## COUNT 5- FRAUD AND FRAUDULENT INDUCEMENT
(All Defendants)

25. Plainitff reasserts and incorporates by reference, the foregoing paragraphs as though repeated fully herein.

26. Defendants made representations to PMC and Pelletier and directly, indirectly, expressly by their conduct or lack thereof, regarding their compliance with applicable Texas laws, UCC codes, disclosure laws, building inspection requirements, product liability warranty laws, and Federal rules, governing disclosure of written consumer warranty terms and conditions

regarding compliance with product representation on the OSB flooring product to be a moisture resistant flooring product, appropriate for the construction usage of the hotel in a rainy climate. The representations made by Defendants were material and false statements of fact or false statements of opinion which they knew to be false, were opinions based on false facts, or false opinions bolstered by their special knowledge on which they knew or should have known that PMC, Pelletier were justified in relying upon.

27. Defendants made the representations with the intent that PMC and Pelletier would rely on them, would induce PMC and Pelletier into purchasing the OSB /Edge Gold product as PMC and Pelletier justifiably relied on Defendants misrepresentations and purchased the OSB product resulting in proximately causing PMC's and Pelletier's direct and consequential damages. Further and compounding the first set of damages, was additional damage caused as a result of by hurricane Harvey with loss of revenue and foreseeable profits to both the hotel and restaurant business.

## ATTORNEY'S FEES

28. PMC is entitled to recover reasonable and necessary attorney's fees from Defendants pursuant to Texas Civil Practice & Remedies Code Chapter 38 because this is a suit for breach of contract. PMC and/or Pelletier have retained the undersigned counsel to prosecute this complaint.

## JURY DEMAND

PMC demands a jury trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, PELLETIER MANAGEMENT AND CONSULTING, LLC, Plaintiff prays that upon final trial of this matter, PMC will be awarded the following:

A.  Actual damages in an amount to be determined at trial;

B.  Consequential damages as may be proven at trial;

C.  Exemplary damages in an amount as may be determined by the jury;

D.  Prejudgment and post judgment interest at the highest rate allowed by law;

E.  Court costs;

F.  Attorney's fees; and

G.  Such other and further relief as to which it may be entitled.

Respectfully submitted,

By: _____
Gaetan Pelletier, pro se
1601 Robinhood Road
Vista, CA 92084
Tele.: 760.598.5105 *PST*
Fax: 760.598.5105
Gaetan2000@aolo.com